IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROY S. RECLA,

                    Petitioner,

      v.

FEDERAL BUREAU OF PRISONS,
MR. MARTINEZ, MS. HOLINKA,
MR. ROBINSON, DR. REED, DR.
STEWART F. TAYLOR, JR., MR.
TORRES and MR. CARR,

                  Respondents.

OPINION AND ORDER

09-cv-101-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a proposed civil action for monetary, injunctive and declaratory relief brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680.  At all times relevant to this case, petitioner Roy S. Recla was confined at the Federal Correctional Institution in Oxford, Wisconsin.  Petitioner alleges that prison officials were deliberately indifferent to his medical needs in violation of the Eighth Amendment, that they acted negligently with respect to his medical condition, that they violated his Fifth Amendment right to procedural

1

due process and his Fourteenth Amendment right to equal protection and that they retaliated against him by placing him in segregation.

Now before the court is petitioner's request for leave to proceed under the in forma pauperis statute, 28 U.S.C. § 1915.  Petitioner has made his initial partial payment in accordance with 28 U.S.C. § 1915.  However, because petitioner is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A.  In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously.  Haines v. Kerner, 404 U.S. 519, 521 (1972).

Having reviewed petitioner's complaint, I conclude that he may not proceed at this time because his complaint violates Fed. R. Civ. P. 8 and 20.  Accordingly, I will reserve ruling on the merits of his complaint until he remedies the violations under Rules 8 and 20.

DISCUSSION

A.  Rule 20

Rule 20 prohibits a petitioner from asserting unrelated claims against different respondents or sets of respondents in the same lawsuit.  Multiple respondents may not be

2

joined in a single action unless the petitioner asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036-2045 (2d ed.1978).

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against respondents in a suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20, Intercon Research Association, Ltd. v. Dresser Industries, Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure).  This means that the core set of allowable respondents must be determined under Rule 20 before a petitioner may join additional unrelated claims against one or more of those respondents under Rule 18.  In addition, under Rule 18, a party cannot join claims involving any respondent outside the group identified under Rule 20.

For example, a petitioner could have one lawsuit for breach of contract against respondents Smith, Jones, Wilson and Garcia and an unrelated lawsuit for personal injury against respondents Smith, Jones and Brown.  If the petitioner wanted to proceed with both claims in the same lawsuit under Rules 18 and 20, he would have to dismiss Wilson and Garcia from the first lawsuit or he would have to dismiss Brown from the second lawsuit. In this way, the same "core" of respondents (Smith and Jones) is common to both claims.

3

Applying these rules to petitioner's complaint, I conclude that petitioner is raising claims that belong in as many as four different lawsuits:

1.  Respondents Federal Bureau of Prisons, Martinez, Holinka, Robinson, Reed, Torres and Carr acted negligently in exercising their duty under 18 U.S.C. § 4042 by placing petitioner in segregation and taking away his pain medication when he arrived at the institution and after he refused to work on his hands and knees.

2.  Respondents Holinka, Robinson, Reed, Torres, Carr and Taylor acted with deliberate indifference in failing to treat and accommodate petitioner's right knee and lower back conditions in violation of the Eighth Amendment.

3.  Certain respondents violated petitioner's Fifth Amendment right to procedural due process and Fourteenth Amendment right to equal protection by committing unspecified conduct.

4.  Respondent Robinson retaliated against petitioner by placing him in segregation after he refused to work on his knees.  (This claim possibly could be included in the same lawsuit as #1 or #2).

Under George, I may apply the filing fee petitioner owes in this case to only one of these lawsuits.  Petitioner will have to choose which lawsuit that is.  That lawsuit will be the only lawsuit assigned to this case number.

As for the other lawsuits, petitioner has a more difficult choice.  He may choose to pursue each lawsuit separately.  In that case, he will be required to make an initial payment and pay a separate filing fee for each case that he pursues.  In addition, petitioner may be subjected to a separate strike for each of the separate lawsuits that he pursues if any claim

4

in the lawsuit is dismissed for failure to state a claim upon which relief may be granted or because it is legally meritless.  As petitioner may be aware, once a prisoner receives three strikes, he is not able to proceed in new lawsuits without first paying the full filing fee except in very narrow circumstances.  28 U.S.C. § 1915(g).  If petitioner wishes to combine any of these lawsuits without paying multiple filing fees, he will have to dismiss the respondents who prevent him from complying with Rule 20.

Alternatively, petitioner may choose to dismiss any or all of his remaining lawsuits voluntarily.  If he chooses this latter route, petitioner will not owe additional filing fees or face strikes for those lawsuits.  Any lawsuit dismissed voluntarily would be dismissed without prejudice, so petitioner would be able to bring it at another time.

Petitioner should be aware that because it is not clear at this time which lawsuits that he will pursue, I have not assessed the merits of any of his claims.  Once petitioner identifies the suit(s) he wants to continue to litigate, I will screen the individual actions that remain, as required under 28 U.S.C. § 1915(e)(2).  Because petitioner faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

B.  Rule 8

The complaint does not meet the requirements of Fed. R. Civ. P. 8(a)(2) that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007).

Although petitioner adequately describes that he was placed in segregation and that his medical needs were not met, he fails to make clear what role certain respondents had in each event and what conduct he is challenging in each lawsuit.  For example, he lists both Martinez and Holinka as wardens of the institution but never explains their individual responsibilities or involvement in lawsuits ##1, 2 or 3.  In lawsuit #3, petitioner alleges only that his placement in segregation was retaliatory and violated his rights under the Fifth and Fourteenth Amendments without describing who was involved or how their actions violated his rights.  Therefore, in his amended complaint, petitioner should repeat the information included in his original complaint and address the following:

- With respect to each of the lawsuits, what wrongdoings were respondents Holinka and Martinez allegedly involved in or responsible for and how were they involved or responsible?

- In lawsuit #2, what was respondent Robinson's alleged role in denying petitioner treatment?

6

- What was respondent Taylor's diagnosis of plaintiff's condition and what alleged wrongdoing did he commit?  (Although petitioner states that this information was contained in Exhibit C to the complaint, no such exhibit was attached.)

- With respect to his due process and equal protection claims in lawsuit #3, what are the basis of the claims, including the alleged violation(s), who was involved in or responsible for the alleged wrongdoing and how each person was involved or responsible?

- With respect to the equal protection claim in lawsuit #3, how was petitioner treated differently from other inmates, on what basis was he treated differently and did the unequal treatment rationally relate to a legitimate penal interest?

- With respect to his retaliation claim in lawsuit #4 against respondent Robinson, what specific grievance(s) or complaint(s) did petitioner file that allegedly led to the retaliation?

## C.  Other Concerns

Because petitioner will incur a separate filing fee and potential strikes for any additional lawsuit that he chooses to bring, he should be aware of a few things with respect to his proposed claims.  First, cognizable claims under the Federal Tort Claims Act include those that are raised (1) against the United States (not individual government agencies or employees); (2) for money damages; (3) for injury or loss of property; (4) caused by the negligent or wrongful act or omission of any employee of the Government (including federal prison employees); (5) while acting within the scope of his office or employment; (6) under

7

circumstances in which the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.  28 U.S.C. § 1346(b)(1); <u>Federal Deposit Ins. Corp. v. Meyer</u>, 510 U.S. 471, 477 (1994) (describing the six elements of FTCA claim).  The court does not have jurisdiction to hear FTCA claims alleging that federal employees failed to perform a discretionary duty, even if the employees abused the discretion involved.  28 U.S.C. 2680 (a); <u>Calderon v. United States</u>, 123 F.3d 947, 950 (7th Cir. 1997).  The Court of Appeals for the Seventh Circuit has held that 18 U.S.C. § 4042 establishes only a discretionary function and may not form the basis of a FTCA claim.  <u>Calderon</u>, 123 F.3d at 950  ("While it is true that [18 U.S.C. § 4042] sets forth a mandatory duty of care, it does not, however, direct the manner by which the BOP must fulfill this duty.").  Also, petitioner must exhaust any administrative remedies he might have with the institution before bringing suit under the act.  <u>Deloria v. Veterans Administration</u>, 927 F.2d 1009, 1011 (7th Cir. 1991) (concluding without discussion that exhaustion under FTCA is "jurisdictional prerequisite" to federal lawsuit).

Second, the Fifth Amendment protects petitioner from being deprived of life, liberty or property without due process of law by the federal government.  <u>Caldwell v. Miller</u>, 790 F.2d 589, 602 (7th Cir. 1986).  However, before he is entitled to Fifth Amendment due process protections, petitioner must have a protected liberty or property interest at stake.  <u>Dandan v. Ashcroft</u>, 339 F.3d 567, 575 (7th Cir. 2003).  In <u>Sandin v. Conner</u>, 515 U.S.

8

472, 483-84 (1995), the Supreme Court held that liberty interests "will be generally limited to freedom from restraint which . . . imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Disciplinary segregation can trigger due process protections depending on the duration and conditions of the segregation. Marion v. Columbia Correctional Institution, __ F.3d __, 2009 WL 735956, *4 (7th Cir. Mar. 23, 2009) (citing Wilkinson v. Austin, 545 U.S. 209, 224 (2005)).  The Court of Appeals for the Seventh Circuit has found a very limited or nonexistent liberty interest in avoiding discretionary segregation of short duration for administrative, protective or investigative purposes.  Id.  (citing Townsend v. Fuchs, 522 F.3d 765, 771 (7th Cir. 2008)). However, the court of appeals recently has stressed that all of the circumstances of a prisoner's segregation, including the actual conditions he experienced, must be taken into account.  Id. at 5.

Finally, because respondents are federal employees, they are not bound by the equal protection clause of the Fourteenth Amendment, which applies only to state actors. However, the Supreme Court has held that the due process clause of the Fifth Amendment imposes the same obligation of equal treatment on the federal government.  E.g., Weinberger v. Wiesenfeld, 420 U.S. 636, 638, n.2 (1975).

In sum, because petitioner's complaint does not conform to the requirements of Rule 8 and Rule 20, he may have until April 29, 2009, within which to decide which lawsuits that

he wishes to pursue and submit proposed amended complaints for each of those lawsuits. If petitioner files a proposed amended complaint that complies with Rule 8 but has continuing Rule 20 violations, I will sever the separate claims into separate lawsuits. If petitioner fails to respond by April 29, 2009, I will close this case.

## ORDER

IT IS ORDERED that:

1. Petitioner Roy Recla may have until April 29, 2009, to identify for the court which lawsuit he wishes to proceed on under the number assigned to this case and to file a proposed amended complaint that complies with Fed. R. Civ. P. 8 as described in this order.

2. Petitioner may have until April 29, 2009, in which to advise the court whether he will prosecute any of the remaining lawsuits or withdraw them voluntarily. If petitioner dismisses a lawsuit voluntarily, he will not owe a filing fee. For each additional lawsuit that petitioner seeks to prosecute, he will owe a separate $350 filing fee and be assessed an initial partial payment and must file a proposed amended complaint that complies with Fed. R. Civ. P. 8 as described in this order.

    3.  If petitioner fails to respond to this order by April 29, 2009, I will enter an order dismissing the lawsuit as it presently exists without prejudice for petitioner's failure to prosecute.

    Entered this 9th day of April, 2009.

                  BY THE COURT:

                  /s/

                  _____

                  BARBARA B. CRABB
                  District Judge