IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROY S. RECLA,

                                                                  OPINION AND ORDER

           Petitioner,

                                                                   09-cv-101-bbc

     v.

FEDERAL BUREAU OF PRISONS,
MR. MARTINEZ, MS. HOLINKA,
MR. ROBINSON, DR. REED, DR.
STEWART F. TAYLOR, JR., MR.
TORRES and MR. CARR,

          Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Roy S. Recla has brought as many as four different lawsuits involving several claims, different incidents and different sets of respondents. In an order entered April 9, 2009, I concluded that petitioner's claims could not proceed in the same lawsuit under George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) and Fed. R. Civ. P. 20 and that the proposed complaint failed to make clear what role certain respondents had in each event and what conduct petitioner was challenging in each lawsuit. I advised petitioner that he would have to choose which of the separate lawsuits he wanted to pursue under this case number. The four lawsuits are as follows:

1

1. Respondents Federal Bureau of Prisons, Martinez, Holinka, Robinson, Reed, Torres and Carr acted negligently in exercising their duty under 18 U.S.C. § 4042 by placing petitioner in segregation and taking away his pain medication when he arrived at the institution and after he refused to work on his hands and knees.

2. Respondents Holinka, Robinson, Reed, Torres, Carr and Taylor acted with deliberate indifference in failing to treat and accommodate petitioner's right knee and lower back conditions in violation of the Eighth Amendment.

3. Certain respondents violated petitioner's Fifth Amendment right to procedural due process and Fourteenth Amendment right to equal protection by committing unspecified conduct.

4. Respondent Robinson retaliated against petitioner by placing him in segregation after he refused to work on his knees. (This claim possibly could be included in the same lawsuit as #1 or #2).

In his response, petitioner appears to have deleted respondent Federal Bureau of Prisons, Reed, Taylor, Torres and Carr and added several new respondents. He states that he wishes to proceed in this action on a claim that respondents Unit Manager Robinson, Former Warden Martinez and Warden Holinka retaliated against him at the Federal Correctional Institution in Oxford, Wisconsin. Dkt. #11. Also, he states that he wants to proceed in a separate action on a deliberate indifference claim against the following: 1) the Federal Correctional Institution–Oxford; 2) Oxford employees Former Warden Martinez, Warden Holinka, Clinical Director Doe, Doctor Doe and Health Services Administrator Doe; 3) the Federal Correctional Institution–Elkton; and 4) Elkton employees Former

2

Warden T. Sniezak, Warden J.T. Shartle and Assistant Health Services Administrator T. Barnes.

Although petitioner has corrected his Rule 20 problems by identifying one lawsuit to pursue in this action, he has not included all of the relevant facts supporting his retaliation claim in one document, as required under Rule 8. He states only that "this will be a retaliation case." Dkt. #11 at 3. As explained in the court's previous order, petitioner must describe in a new proposed complaint how respondents Martinez, Holinka and Robinson each retaliated against him and what specific grievance(s) or complaint(s) that he filed that allegedly led to the retaliation. Therefore, I will stay the screening process in this action under 28 U.S.C. § 1915 and ask that petitioner submit a second proposed amended complaint that clearly sets forth the respondents, describes his retaliation claim and includes all of the factual allegations on which he seeks to rely.

Petitioner's deliberate indifference claims will be treated as a separate action and assigned a new case number after petitioner submits a separate proposed complaint setting forth the respondents, his deliberate indifference claims and all of the factual allegations on which he seeks to rely. Before this court may decide whether petitioner can proceed with the second lawsuit, he will have to make an initial partial payment of the filing fee. In a previous order, I calculated that amount to be $37.92. Dkt. #3. Petitioner's remaining lawsuits will be dismissed without prejudice.

3

ORDER

IT IS ORDERED that:

1. This action is SEVERED in accordance with Fed. R. Civ. P. 20. In case no. 09-cv-101-bbc, I will consider petitioner Roy Recla's claim that respondents Unit Manager Robinson, Former Warden Martinez and Warden Holinka retaliated against him. In a separate case to be opened only upon petitioner's filing of a proposed complaint, I will consider petitioner's claims that respondents Federal Correctional Institution–Oxford, Former Oxford Warden Martinez, Oxford Warden Holinka, Oxford Clinical Director Doe, Oxford Doctor Doe, Oxford Health Services Administrator Doe, Federal Correctional Institution–Elkton, Former Elkton Warden T. Sniezak, Elkton Warden J.T. Shartle and Elkton Assistant Health Services Administrator T. Barnes acted with deliberate indifference to his medical needs under the Eighth Amendment.

2. Respondents Federal Bureau of Prisons, Reed, Dr. Stewart F. Taylor, Jr., Torres and Carr are DISMISSED.

3. Petitioner has until June 30, 2009, in which to submit a proposed amended complaint in this action, case no. 09-cv-101-bbc, in accordance with this order. If, by June

4

30, 2009, petitioner fails to respond to this order, the clerk of court is directed to close this case for petitioner's failure to prosecute.

Entered this 5th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge